**The MURRAY OHIO MANUFACTURING CO., an Ohio corporation, and Zayre Corporation, a Delaware corporation, Plaintiffs,**

v.

**CONTINENTAL INSURANCE COMPANY, A New Hampshire insurance corporation, Defendant.**

**No. 88 C 4715.**

United States District Court, N.D. Illinois, E.D.

Feb. 10, 1989.

---

Arthur L. Klein, Hal R. Morris, Arnstein, Gluck & Lehr & Milligan, Chicago, Ill., for plaintiffs.

James W. Ozog, Frank L. Schneider, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

Murray avers that Continental insures Allied (then Bendix) against loss resulting from claims for property damage or personal injury caused by its products, one of which is a coaster brake it sold to Murray. Murray put the brake in a bicycle it sold to Zayre. Zayre sold it to McPhillips. McPhillips says, in a Rhode Island court[1], that he was injured using the bicycle and that Zayre, Allied, and Murray are liable to him. The insurance policy covers all "goods or products manufactured, sold, handled or distributed by the named insured" and requires the insurer to defend all suits. Continental extends its policy duties to Murray "with respect to the distribution or sale in the regular course of [Murray's] business of [Allied] products." Murray tendered the defense of the McPhillips suit to Continental which declined to accept it. Murray sought declara-

---

1. McPhillips' action (C.A. No. 83–5205) is currently pending in the Superior Court of Providence, State of Rhode Island and Providence Plantations.

tory judgment in this Court that Continental is obliged to defend it against McPhillips's suit, pay the costs of the defense and pay any judgment against it. Murray also asks for fees and costs of this action and other relief. Murray asks summary judgment now on the duty to defend.

The rule here is settled. The insurer must defend against all claims asserted in a lawsuit when the complaint contains any allegation potentially covered by the policy. *Sears, Roebuck and Co. v. Reliance Insurance*, 654 F.2d 494, 496 (7th Cir.1981); *Solo Cup v. Federal Insurance*, 619 F.2d 1178 (7th Cir.1980); *Lee v. Aetna Casualty*, 178 F.2d 750, 753 (2nd Cir.1949) (L. Hand, J.). There may, of course, come a time when the allegations in the underlying lawsuit make it clear that the claim is confined to non-covered claims—only then may the insurer withdraw. The insurer's obligation to defend is contractual in nature, but ambiguous language is construed in favor of the insured and against the insurance company where, as invariably is the case, the insurance company drafted the language. *Contra proferentum. See Sears Roebuck,* 654 F.2d at 499.

■ Continental says that a policy provision excludes coverage for "injury or … damage arising out of … products which after distribution or sale by [Allied] have been labeled or relabeled or used as a … part or ingredient of any other thing … by … the vendor." In other words, when Murray attached the bicycle brake to its bicycle it lost its insurance. One wonders how many bicycle brakes Allied or Continental expected would be sold without later being attached to a bicycle.

Continental is simply relying on Tom Waits' noted maxim,

"What the large print giveth, the small print taketh away."

("Step Right Up", Copyright 1976, Fifth Floor Music, Inc. (ASCAP).) The maxim has at least one inherent limit. The small print cannot "taketh away" one hundred percent of what the large print "giveth." If it does, then a contract may have no consideration. And the maxim's force in insurance contracts is limited by the rules that such contracts are to be construed in favor of the insured and that the law does not countenance illusory coverage. *Sears, Roebuck and Co. v. Reliance Insurance,* 654 F.2d at 499. Indeed *Sears, Roebuck* rejected the very argument Continental advanced here unless the installation of the brake (rather than the brake) caused the injury. 654 F.2d at 497–501 (nullification of the coverage would contravene public policy). Continental says coverage is excluded if the product is properly applied to its intended use—attachment to a bicycle. This construction is utterly unreasonable. There is no purpose to be served by providing full coverage, in one clause, for products whose only use is as part of another product and then removing all coverage, in another clause, if it is so used. Unless Continental deliberately intended to deceive—and no claim is made it did—there is no sensible way to give meaning to both coverage and exclusion clauses if Continental is right in its reading of the exclusion clause in this case.

Leaving aside the contract formation question inherent in an insurance contract that insures nothing, it may be possible to draft an exclusion clause that achieves the goal sought here, perhaps by defining vendors only as those who buy component parts for the sole purpose of resale to manufacturers (though in this case the market for such policies may not be large). But the insurance company draftsman must be more explicit than here to prevail against a rule construing the contract against him. Of course, were the draftsman more specific no one but a fool would buy the policy and, even then, the law might protect the fool.

Next, Continental offers a description of the McPhillips suit to show the claims against Murray are not covered. McPhillips filed an eight count complaint. Its basic terms are described here but not exhaustively. Counts I and II run against Zayre, alleging a breach of warranty that the cycle was reasonably fit and safe for the use intended and strict liability for selling, without warning, a product of unsafe design and making. II, III and IV run

against Murray. III alleges Murray warranted to McPhillips that the cycle was reasonably fit and safe for the use intended and that this was not so. IV charges Murray with negligence for failure to exercise reasonable care "in the design and manufacture of the bicycle in question"; V claims Murray is strictly liable because the bicycle "as designed, manufactured, assembled and sold was defective", and Murray failed to warn of its (unnamed) defect. Counts VI, VII and VIII run against Allied. VI claims a breach of warranty that "the brakes and braking system" for the bicycle were reasonably fit and safe for the use intended. VII says Allied was negligent in designing, making and selling its brakes and braking system. VIII alleges Allied is strictly liable for producing an unsafe brake and braking system without warning of its dangers.

■ Continental argues that, under this complaint, only Allied may be found liable because of a defect in the brake. If Murray is liable it will not arise out of the products of Allied. It notes the brake is named only in the counts against Allied and not in the counts against Murray. The argument must have been made tongue in cheek. The claims against Murray cover the entire bicycle—there was no need to mention the brakes—they are part of the entire bicycle. The brakes are specifically mentioned in the Allied counts because that is all Allied made. It is quite clear that the allegations of the complaint against Murray are potentially covered by the policy. Continental does raise briefly further technical objections [2] to summary judgment on the duty to defend:

■ (a) Continental suggests the disposition of this matter ought to await resolution of the McPhillips case which will determine the facts upon which questions of coverage depend. Some cases may well require such deferral (*See Thornton v. Paul*, 74 Ill.2d 132, 23 Ill.Dec. 541, 384 N.E.2d 335 (1978); *Green v. Aetna Insur-*

*ance*, 349 F.2d 919, 926–27 (5th Cir.1965)), but this is not one of them. The duty to indemnify depends on facts agreed to or found; the duty to defendant depends on the potential existence of those facts, or more precisely, on whether or not those facts are clearly absent. Since the duty to defend is extinguished only when the complaint does not allege or the case does not contain facts potentially within the policy coverage, it is usually possible to decide whether the duty exists without waiting for the underlying case to be tried. The duty to defend is clear now, only the duty to indemnify remains to be seen.

■ (b) Continental notes that Murray has not responded to its various affirmative defenses (some of which involve other exclusions). Nor does Continental believe that the evidence on summary judgment establishes that the brake in McPhillips was an Allied brake or that it was installed without change or alteration, or that it was sold in the regular course of Murray's business. But Continental does admit that its policy contained a vendor's .endorsement naming Murray as the insured and that Allied manufactured a "certain coaster brake" sold by Allied to Murray. Much of what Continental relies upon is mere denial in its answer. But even if it were correct that all the defenses were still available to it and all the facts were uncertain it would not extinguish the duty to defend. That duty rests on potential coverage of the loss, not actual coverage.

■ (c) Continental objects that a proper tender of the defense was not made and cites ambiguities in the letter tendering the defense. The question need not be decided because the filing of this suit is an adequate tender and the answer a refusal.

■ (d) Continental claims its acceptance of the defense would place it in conflict with Murray because it would be motivated to defend only those theories which

---

**2.** Continental's objection to non-compliance with Local Rule 12(e) is well taken, but this rule permits, not mandates, denial and denial of the motion, on this ground, is inappropriate. It also objects to the request for summary judg-

ment on the question of the duty to indemnify. Its objection is valid. It is improper to decide this issue on this record, and Murray's arguments are, in fact, directed only to the duty to defend.

would affect its coverage and not those theories, if any, which would relieve it of coverage. Illinois law does not recognize this as a conflict (*See Nandorf, Inc. v. CNA Insurance Co.*, 134 Ill.App.3d 134, 88 Ill.Dec. 968, 971, 479 N.E.2d 988, 991 (1985)), and even were it to do so the conflict has yet to arise and the question need not be decided.

Murray is granted declaratory judgment against Continental on the issue of Continental's duty to defend Murray. Continental Insurance Company is legally obligated to defend Murray Ohio Manufacturing Company against the claims of Sean and James McPhillips presently pending in the Superior Court of Providence, State of Rhode Island and Providence Plantations (C.A. No. 83–5205).